UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG BLACK,

    Plaintiff,

v.                                                                                                  Case No. 12-12505
                                                                                                      Hon. Lawrence P. Zatkoff

THE COUNTY OF MACOMB, MACOMB
COUNTY SHERIFF ANTHONY W. WICKERSHAM,
MACOMB COUNTY SHERIFF DEPUTY BRUCE
HILL, MACOMB COUNTY SHERIFF DEPUTY
PENNY BURG, MACOMB COUNTY SHERIFF
DEPUTY ROBERT CONWAY and MACOMB
COUNTY SHERIFF DEPUTY WILLIAM LICAVOLI,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 7, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

       This matter is before the Court on Defendants' Motion for Summary Judgment [dkt 16]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion is GRANTED.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

On or about October 4, 2010, Plaintiff was arrested, charged with a probation violation, and placed in the Macomb County Jail. Plaintiff claims that he suffers from a medical condition that makes him susceptible to seizures. Plaintiff further alleges that Defendants[1] were cognizant of his condition and nevertheless placed him in the top bunk of a cell. On October 9, 2010, Plaintiff fell from the top bunk and alleges he sustained injuries, including a skull fracture.

### B. PROCEDURAL BACKGROUND

Plaintiff filed his complaint against Defendants on June 8, 2012. In his complaint, Plaintiff pleads the following claims: violation of civil rights pursuant to 42 U.S.C. § 1983 as to all Defendants (Count I); violation of civil rights pursuant to 42 U.S.C. § 1983 as to Defendant Macomb County and Macomb County Sheriff Michael Bouchard[2] (Count II); violation of civil rights pursuant to 42 U.S.C. § 1983 as to all Defendants except Macomb County and Wickersham (Count III); and violation of Michigan law pursuant to Mich. Comp. Laws § 691.1407 as to Defendants Lamphere and Ewer[3] (Count IV). On August 3, 2012, the Court dismissed Plaintiff's state-law claim (Count IV).

Defendants filed the instant motion requesting that the Court grant them summary judgment on Plaintiff's remaining claims.

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the

---

[1] Defendants include Macomb County, Anthony Wickersham, Bruce Hill, Penny Burg, Robert Conway, and William Licavoli. For sake of brevity, the Court will collectively refer to Macomb County and the individual sheriffs as "Defendants."
[2] "Michael Bouchard" is not a named party to this lawsuit. The Court thus questions why he is listed in Count II.
[3] Again, "Lamphere" and "Ewer" are not parties to this lawsuit and the inclusion of them in Count IV is questionable.

entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

Plaintiff's complaint asserts—albeit vaguely—a deliberate indifference claim under the Fourteenth Amendment against Defendants because they assigned him to the top bunk of a cell with

3

knowledge that Plaintiff suffered from seizures; failed to appreciate the seriousness of Plaintiff's medical condition; failed to investigate and communicate the severity of Plaintiff's condition; and failed to have Plaintiff evaluated within a reasonable time by a medical professional. Additionally, Plaintiff claims section 1983 municipal liability against Defendant Macomb County for failure to train its sheriffs and implement appropriate polices, customs and practices.

Defendants' motion for summary judgment challenges Plaintiff's claims on multiple fronts. Defendant first argues that Correctional Medical Services, Inc. ("CMS")—and not Defendants—was responsible for Plaintiff's medical care as evidenced by the Health Services Agreement between Macomb County and CMS. So, the argument goes, Plaintiff's deliberate indifference claim against Defendants, which is premised on the failure to provide adequate medical care, must fail.

Defendants next argue that irrespective of who was responsible for providing medical care, Plaintiff cannot establish a genuine issue of material fact that he had a "sufficiently serious" medical need or that Defendants possessed "sufficiently culpable" state of minds in denying medical treatment. And last, Defendants contend Plaintiff's municipal liability claim fails because Plaintiff suffered no underlying constitutional deprivation of rights.

**A. PLAINTIFF'S RESPONSE BRIEF**

Plaintiff's response brief is wholly deficient and falls considerably short in offering evidence on which a jury could reasonably find in his favor. Remarkably, Plaintiff failed to: (1) offer his version of the facts or dispute Defendants' version; (2) demonstrate evidence of the individual Defendants' involvement; and (3) address and refute the majority of summary judgment evidence offered by Defendants, including (a) the existence of the Health Services Agreement which, according to Defendant, compels a finding that Defendants were not responsible for providing—and therefore did not provide—medical treatment to Plaintiff, (b) testimony from Plaintiff that revealed he was placed in the *lower* bunk,

4

(c) medical records showing that Plaintiff received prompt and adequate medical care after his fall, thus rebutting Plaintiff's deliberate indifference claim, (d) a medical finding that Plaintiff did not suffer a skull fracture, and (e) Plaintiff's failure to offer medical documentation of a pre-existing seizure diagnosis and Defendants' cognizance of that diagnosis. Most telling is the fact that Plaintiff's response brief is completely devoid of a citation *to a single piece of evidence in the record before the Court*.

Under well-established principles governing the standards for summary judgment motion practice, "[t]he respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly support motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Here, it appears that Plaintiff relies on such "hope" as he fails to offer *any* summary judgment evidence—for example, citations to depositions, documents, affidavits, etc.—to support his case. The Court admonishes Plaintiff and his counsel to scrupulously review the summary judgment standards, burdens and requirements before further filings in this Court.

Having determined that Defendants showed an absence of evidence to support Plaintiff's case, the Court grants summary judgment to Defendants on all of Plaintiff's claims.

### V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [dkt 16] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.                    s/Lawrence P. Zatkof
                                      U.S. District Judge
Dated: November 7, 2013